SONIA MARTIN (State Bar No. 191148)
ANNE E. WADDELL (State Bar No. 311388)
DENTONS US LLP
One Market Plaza
Spear Tower, 24th Floor
San Francisco, CA  94105
Telephone:   (415) 267-4000
Facsimile:    (415) 267-4198
Email:          sonia.martin@dentons.com
                     anne.waddell@dentons.com

Attorneys for Defendants
BRUNO ANDRADE, MARS INVESTMENT
ACCELERATOR FUND INC. NORTHSPRING
CAPITAL PARTNERS INC., JOSMEYR ALVES
DE OLIVEIRA, and RUBEN MARCOS SEIDL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUNIPER NETWORKS, INC., | Case No.: |
| Plaintiff, | **NOTICE OF REMOVAL TO FEDERAL COURT** |
| vs. | |
| BRUNO ANDRADE, MARS INVESTMENT ACCELERATOR FUND INC.,NORTHSPRING CAPITAL PARTNERS INC., JOSMEYR ALVES DE OLIVEIRA, and RUBEN MARCOS SEIDL, inclusive, | |
| Defendants. | |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. section 1441, 1446, 1332 and 1367, defendant Bruno Andrade, joined by defendants MaRS Investment Accelerator Fund Inc., NorthSpring Capital Partners Inc., Josmeyr Alves De Oliveira, and Ruben Marcos Seidl, hereby

removes to this Court the action described below and respectfully submit the following statement of grounds for removal:

## The Superior Court Action

1. On February 28, 2020, plaintiff Juniper Networks, Inc. commenced an action in the Superior Court of the State of California in and for the County of Santa Clara titled "*Juniper Networks, Inc. v. Bruno Andrade, MaRS Investment Accelerator Fund Inc., NorthSpring Capital Partners Inc., Josmeyr Alves De Oliveira, and Ruben Marcos Seidl, inclusive*," Case No. 20CV364483 (the "Superior Court Action").

2. In the Superior Court Action, Plaintiff seeks damages arising from Defendants' alleged breach of a "Share Purchase Agreement," pursuant to which Plaintiff allegedly acquired HTBase, a Canadian corporation. Complaint, ¶¶ 1, 84, 93. Plaintiff also alleges that defendant Bruno Andrade made intentional and negligent misrepresentations that induced Plaintiff to enter the Share Purchase Agreement. *Id.*, 98, 101, 104–10, 116, 121–125. Plaintiff asserts a breach of contract claim against all Defendants and claims for fraudulent misrepresentation and negligent misrepresentation against defendant Bruno Andrade. *Id.*, 84, 93, 98, 101, 104–10, 116, 121–125.

## Service

3. Plaintiff served the summons and Complaint in the Superior Court Action on defendant Bruno Andrade on March 9, 2020. Plaintiff has asserted that service of process on Mr. Andrade constituted substitute service of process on the other defendants in this action.

4. Attached as Exhibit "A" are true and correct copies of the summons, complaint, civil cover sheet, motion to file documents under seal, declaration of Jared Bobrow, and proof of service, on file in the Superior Court Action. Plaintiff filed the unredacted version of the Complaint under seal in the Superior Court. Accordingly, that document will be provisionally under seal pursuant to an application to seal.

## Diversity of Citizenship

5. Plaintiff Juniper Networks, Inc. was, at the time of filing of the Superior Court Action, now is, and at all relevant times has been, a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in California. Compl., ¶ 5.

6. Defendant Bruno Andrade ("Andrade") was, at the time of filing of the Superior Court Action, now is, and at all relevant times has been, a citizen of Brazil and a permanent resident of Canada. Andrade Decl., ¶ 2. Mr. Andrade is working in the United States pursuant to a temporary O-1 visa. *Id.*, ¶ 3. He is not and never has been a permanent resident of the United States. *Id.*, ¶ 3. Attached as Exhibit "B" is Andrade's declaration. *See Walker v. McCarty,* No. EDCV 19-627 JGB, 2019 WL 3818218 at *2 (C.D. Cal. Aug. 14, 2019), *citing Filmkraft Prods. India Pvt. Ltd. v. Spektrum Entm't, Inc.* (D.Nev. Apr. 8, 2011) 2011 U.S. Dist. LEXIS 38687, at *7-8 ("The [lawful permanent resident] exception is inapplicable to the Shahs. As noted above, the Shahs entered the United States under O2 work visas, rather than pursuant to permanent resident cards. The plaintiff…has presented no evidence indicating that the Shahs ever obtained permanent resident status."); *see also* 8 U.S.C. §§ 1101(a)(15)(O)(1), 1101(a)(2), 1182(a).

7. Defendant MaRS Investment Accelerator Fund Inc. was, at the time of filing of the Superior Court Action, now is, and at all relevant times has been, a corporation organized and existing under the laws of Ontario, Canada, with its principal place of business in Toronto, Ontario, Canada. Compl., ¶ 7.

8. Defendant NorthSpring Capital Partners Inc. was, at the time of filing of the Superior Court Action, now is, and at all relevant times has been, a corporation organized and existing under the laws of Ontario, Canada, with its principal place of business in Ontario, Canada. Compl., ¶ 8.

9. Defendant Ruben Marcos Seidl was, at the time of filing of the Superior Court Action, now is, and at all relevant times has been, an individual domiciled in Sao Paolo, Brazil, and a citizen of Brazil and Austria. Compl., ¶ 10; Seidl Decl., ¶ 2. He is not and never has been a permanent resident of the United States. *Id.*, ¶ 3. Attached as Exhibit "C" is Seidl's declaration.

10. Defendant Josmeyr Alves de Oliveira was, at the time of filing of the Superior Court Action, now is, and at all relevant times has been, an individual domiciled in Sao Paolo, Brazil and a citizen of Brazil. Compl., ¶ 9. He is not and never has been a permanent resident of the United States. Attached as Exhibit "D" is Oliveira's declaration.

11. Accordingly, Plaintiff, on one hand, is a citizen of a state, and Defendants, on the

1  other hand, are citizens of foreign states.

## Amount in Controversy

2  
3  12. In the Superior Court Action, Plaintiff seeks compensatory, punitive and statutory damages, prejudgment and post-judgment interest, attorneys' fees, and costs of suit. Compl., Prayer for Relief. The amount in controversy in the Superior Court Action, exclusive of interest and costs, exceeds the $75,000 jurisdictional minimum for federal diversity jurisdiction

13. As reflected in plaintiff's Complaint, as well as it pre-suit Notice of Claim and Response Notice, Plaintiff contends Defendants caused substantial damages by allegedly breaching the Share Purchase Agreement, which are in excess of the jurisdictional minimum for federal diversity jurisdiction. *See, e.g.,* Compl., ¶¶ 87, 88.

14. In addition, Plaintiff sues defendant Bruno Andrade for intentional and negligent misrepresentation, and alleges it would not have entered the transaction (pursuant to which it allegedly paid in excess of $23 million) but for Mr. Andrade's alleged misrepresentations. Compl., ¶¶ 49, 105. The Complaint further alleges that Juke was HTBase's "flagship product" *Id.*, ¶ 22. Upon discovering defendant Andrade's alleged deception, Plaintiff allegedly had to remove Juke from its product catalog. *Id.*, ¶ 68.

15. Plaintiff also seeks attorneys' fees and punitive damages. Compl., Prayer for Relief. *See Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000) (in calculating the amount in controversy, the Court must consider the attorneys' fees and punitive damages plaintiffs may recover if they prevail in the case).

16. Accordingly, the amount in controversy in the Superior Court Action, exclusive of interest and costs, exceeds the $75,000 jurisdictional minimum for federal diversity jurisdiction.

## Original Jurisdiction

17. The Superior Court Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332, in that Plaintiff is a citizen of a State, Defendants are citizens of foreign states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

18. The case is therefore one that Defendants may remove to this Court pursuant to 28

Case No.  - 4 -  NOTICE OF REMOVAL TO FEDERAL COURT

U.S.C. sections 1441, 1446, 1332 and 1367.  The removal is effected within thirty (30) days after service of the Complaint in the Superior Court Action, in accordance with 28 U.S.C. section 1446.

WHEREFORE, Defendants hereby give notice that this action has been removed, in its entirety, from the Santa Clara County Superior Court to the United States District Court for the Northern District of California, for further proceedings as though it originally had been instituted in the District Court.[1]

Respectfully submitted,

Dated: April __, 2020    DENTONS US LLP

By   _____*/s/ SONIA MARTIN*_____
         SONIA MARTIN

ATTORNEYS FOR DEFENDANTS
BRUNO ANDRADE, MARS INVESTMENT
ACCELERATOR FUND INC. NORTHSPRING
CAPITAL PARTNERS INC., JOSMEYR ALVES
DE OLIVEIRA, and RUBEN MARCOS SEIDL

---

[1] By removing this case to federal court, Defendants do not consent to personal jurisdiction, do not concede that this Court is a convenient forum or a proper venue, and do not waive any of their defenses or objections under Federal Rule of Civil Procedure 12(b) or otherwise, including their right to have this dispute arbitrated or decided by other means of alternative dispute resolution.