# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** <br> *(AVISO AL DEMANDADO):* <br> BRUNO ANDRADE, MARS INVESTMENT ACCELERATOR FUND INC., NORTHSPRING CAPITAL PARTNERS INC., JOSMEYR ALVES DE OLIVEIRA, and RUBEN MARCOS SEIDL <br><br> **YOU ARE BEING SUED BY PLAINTIFF:** <br> *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* <br><br> JUNIPER NETWORKS, INC. | *FOR COURT USE ONLY* <br> *(SOLO PARA USO DE LA CORTE)* <br><br> E-FILED <br> 2/28/2020 11:17 AM <br> Clerk of Court <br> Superior Court of CA, <br> County of Santa Clara <br> 20CV364483 <br> Reviewed By: M Reynoso <br> Envelope: 4098428 |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):*  Superior Court for the State of California, County of Santa Clara, Downtown Superior Court, 191 North First St., San Jose, CA 95113 | CASE NUMBER: *(Número del Caso):* <br><br> **20CV364483** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jared Bobrow, Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Rd., Menlo Park, CA 94025, (650) 614-7400

| DATE: <br> *(Fecha)* 2/28/2020 11:17 AM | Clerk, by <br> *(Secretario)* Clerk of Court    M Reynoso | , Deputy <br> *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario  Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under:  ☐ CCP 416.10 (corporation)                 ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100  [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465 <br> www.courts.ca.gov

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

Jared Bobrow (SBN 133712)
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Rd., Menlo Park, CA 94025

TELEPHONE NO.: (650) 614-7400    FAX NO. *(Optional):* (650) 614-7401
ATTORNEY FOR *(Name):* Juniper Networks, Inc.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

*FOR COURT USE ONLY*

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 2/28/2020 11:17 AM
Reviewed By: M Reynoso
Case #20CV364483
Envelope: 4098428**

CASE NAME:
Juniper Networks, Inc. v. Bruno Andrade, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 20CV364483 |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000)   [ ] **Limited** (Amount demanded is $25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[x] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [x] punitive
4. Number of causes of action *(specify):* 3
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 28, 2020

Jared Bobrow
_____
(TYPE OR PRINT NAME)      ▶      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

E-FILED
2/28/2020 11:17 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
20CV364483
Reviewed By: M Reynoso

JARED BOBROW (STATE BAR NO. 133712)
jbobrow@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:     650 614 7400
Facsimile:      650 614 7401

ALYSSA M. CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
GEOFFREY G. MOSS (STATE BAR NO. 258827)
gmoss@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017-5855
Telephone:     213 629 2020
Facsimile:      213 612 2499

Attorneys for Plaintiff
JUNIPER NETWORKS, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA CLARA

| | |
|---|---|
| JUNIPER NETWORKS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BRUNO ANDRADE, MARS INVESTMENT ACCELERATOR FUND INC., NORTHSPRING CAPITAL PARTNERS INC., JOSMEYR ALVES DE OLIVEIRA, and RUBEN MARCOS SEIDL, inclusive,<br><br>Defendants. | Case No. __20CV364483__<br><br>**COMPLAINT FOR (1) BREACH OF CONTRACT; (2) FRAUD; AND (3) NEGLIGENT MISREPRESENTATION** |

**PUBLIC - REDACTS MATERIALS FROM CONDITIONALLY SEALED RECORD**

Plaintiff Juniper Networks, Inc. ("Juniper") hereby complains and alleges against Defendants Bruno Andrade, MaRS Investment Accelerator Fund Inc., NorthSpring Capital Partners Inc., Josmeyr Alves De Oliveira, and Ruben Marcos Seidl, inclusive (collectively, "Defendants") as follows:

## NATURE OF THE ACTION

1.      This action arises out of Juniper's acquisition of HTBASE Corporation ("HTBASE").

2.      HTBASE developed a software product named Juke. ███████████
████████████████████████████
████████████████████████████
███████████████████████████
████████████████████████████
██████████████████

3.      After the close of the acquisition, Juniper learned that the core functionality of Juke included or was based on an open source software project called LizardFS. This fact was concealed from Juniper by Andrade and HTBASE.

4.      Juniper would not have acquired HTBASE had it known that such an integral part of Juke was copied from an open source software project. By proceeding with the acquisition, Juniper has suffered damages.

## THE PARTIES

5.      Plaintiff Juniper is a corporation duly organized and existing under the laws of the State of Delaware, and has its principal place of business at 1133 Innovation Way, Sunnyvale, California 94089.

6.      Upon information and belief, at all relevant times, Defendant Bruno Andrade ("Andrade") is an individual domiciled in Sunnyvale, California.

7.      Upon information and belief, at all relevant times, Defendant MaRS Investment Accelerator Fund Inc. ("MaRS") is a corporation organized under the laws of Ontario, Canada with its principal place of business in Toronto, Ontario, Canada.

8.      Upon information and belief, at all relevant times, Defendant NorthSpring Capital Partners Inc. ("NorthSpring") is a corporation organized under the laws of Ontario, Canada with its principal place of business in Toronto, Ontario, Canada.

9.      Upon information and belief, at all relevant times, Defendant Josmeyr Alves de Oliveira ("Oliveira") is an individual domiciled in Sao Paolo, Brazil.

10.     Upon information and belief, at all relevant times, Defendant Ruben Marcos Seidl ("Seidl") is an individual domiciled in Sao Paolo, Brazil.

11.     Defendants Andrade, MaRS, NorthSpring, Oliveira, and Seidl are hereinafter collectively referred to as "Defendants."

12.     Juniper is informed and believes and thereon alleges that at all relevant times mentioned in this Complaint, Defendants, and each of them, were partners, joint venturers, agents, employees, alter egos, and/or representatives of each other in doing the things herein alleged and, in doing so, were acting within the scope of their respective authorities as agents, employees, and representatives, and are jointly and severally liable to Juniper.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over this entire action because this is a civil action wherein the matter in controversy, exclusive of interest, exceeds $25,000.00. This Court has jurisdiction over Defendant Andrade because, upon information and belief, he is domiciled in the County of Santa Clara, California.  This Court also has jurisdiction over all Defendants because, upon information and belief, they engaged in intentional conduct, either directly or through agents, directed at Juniper that caused harm to Juniper in California.

14.     Venue is proper in the Superior Court of California, County of Santa Clara, because on information and belief, at least Defendant Andrade resides in the County of Santa Clara, California.

**GENERAL ALLEGATIONS**

I.     **JUNIPER ACQUIRES HTBASE AND ITS JUKE SOFTWARE**

    A.     **Juniper is an Innovator in Networking and Multicloud**

      15.     In 1998, Juniper released the M40 router—the fastest router in the world. Ever since, Juniper has continued to design and sell innovative and high-performance networking products and services.

      16.     These Juniper products and services range from high-powered routers and switches to security and analytics software that help manage networks.

      17.     Enterprise customers and service providers have various computing, storage, and networking needs for their products and services. In some cases, it makes sense for users to actively manage these physical computing resources in a data center. In other cases, it may be better to utilize private or public cloud computing resources (like Amazon Web Services ("AWS"), Microsoft Azure, or Google Cloud). And in still other cases, the best choice may be to use a combination of data center and/or public cloud computing resources. This "multicloud" gives users the option to mix and match the computing, storage, and networking services that are right for them. Effective use of a "multicloud" system requires software to effectively manage the different computing, networking, and storage capabilities.

      18.     Juniper's flagship multicloud product is Contrail Enterprise Multicloud ("Contrail"). Contrail is a software solution that automates the creation and management of networking, computing, security, and analytics services across data center and multiple public cloud computing resources. At the time of the acquisition, Contrail did not have the capability of pooling disparate storage resources of data centers and cloud computing resources and making them accessible as a single file system.

    B.     **HTBASE's Juke Promised Innovative Storage in Multicloud Environments**

      19.     ███████████████████████████████████████████
████████████████████████████████

      20.     █████████████████████████████████████████████████
██████████████████████████

21.     Upon information and belief, HTBASE raised money from a number of early investors, including MaRS and NorthSpring.

22.     Upon information and belief, before the acquisition, HTBASE's flagship product was Juke, a multicloud management tool that promised "composable infrastructure" to users. This means that a user could utilize virtually unified storage, computing, and networking resources that physically exist in different private data centers and public cloud computing resources.

23.     A key feature of Juke—and the single biggest driver of why Juniper became interested in HTBASE—was its storage capabilities. HTBASE promoted Juke's ability to abstract disparate computer storage resources and make them appear like a single file system. A benefit of this feature is that it allows application developers to freely develop their applications without having to address the complex and difficult problem of configuring and managing physically disparate storage resources.

**C.     Juniper Acquires HTBASE**

24.     █████████████████████████████████████████████████

25.     ███████████████████████████████████████████████████
███████████████████████████████████████████████████████████
█████████████████████

26.     ████████████████████████████████████████████████
██████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████

27.     ███████████████████████████████████████████████████
████████████████████ Juniper saw Juke's multicloud storage capabilities as complementary to Juniper's own multicloud product, Contrail. ████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
████████████████████████████████

28. ██████████████████████████████████████████
██████████████████████████████████████████

29.     By the end of August 2018, Juniper was considering acquiring HTBASE outright
████████████████████

30. ████████████████████████████████████████
████████████████████

31. ████████████████████████████████████████
██████████████████████████████████████

32. ██████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████████
██████████████████████████

1.     **Juniper's Due Diligence**

33. ████████████████████████████████████████████
██████████████████████████

34. ████████████████████████████████████████
█████████████████████ Black Duck is a well-known and reputable company that
specializes in scanning a company's software, including source code and binary files, to identify
open source software—known or unknown—in the company's software.

35.     Open source software is software that a developer can inspect, use, modify, and
redistribute subject to licensing restrictions. It is generally available free of charge. There are
many open source projects and corresponding licenses and license restrictions for those projects.
Before open source software is used, it is important to understand the licensing restrictions to
which the open source software is subject. The licensing restrictions can range from merely
giving attribution to the open source software author to requiring developers using the open
source code to publicly disclose all of their proprietary code that is combined with the open
source code.

36.     Given the range of potential open source licensing restrictions, it is an important part of Juniper's standard due diligence to understand the potential open source licensing risks of any company it is considering acquiring.

37.     Using an open source software scan from Black Duck or a similar company identifies the open source licensing risks of the software being scanned and helps inform whether Juniper should move forward with the acquisition, walk away from it, or take other actions.

38.     Open source software scans also work as a complement to the intellectual property representations and warranties that the company being acquired makes to Juniper about, for example, third-party intellectual property used in or necessary for its products and services.

39.     ███████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
████████████████████████████

40.     ███████████████████████████████████████
██████████████████████████

41.     ███████████████████████████████████████
█████████████████████████████████████████
█████████████████████████████████████████
██████████████████████████████████████

42.     At no point before Juniper acquired HTBASE did Juniper have access to the source code for Juke.

43.     ███████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
█████████████████

44.     ███████████████████████████████████████
██████████████████████████████████████████

- 6 -

45. ███████████████████████████████
██████████████████████████████████
███████████

46. ████████████████████████████████
██████████████████████████████████
███████████████

47. ████████████████████████████████
███████████████████████████████████████████
██████████████████████████████████
████████████████████████████
███████████████

2.   **Share Purchase Agreement**

48.     Juniper acquired HTBASE via a Share Purchase Agreement dated November 28, 2018 ("Purchase Agreement"). A true and correct copy of the Purchase Agreement is attached as **Exhibit A**. ████████████████████████████████████
██████████████████

49.     Accounting for closing adjustments, Juniper paid approximately $19.6 million in cash for 100% of the Vendors' equity in HTBASE. Juniper also granted approximately $3.8 million in Restricted Stock Units ("RSUs") in Juniper to HTBASE's employees (████████
█████████) in anticipation of future service to Juniper. ██████████████████████
████████████████████████████████████
███████

50. ████████████████████████████████
█████████████████████████

   a.   ████████████████████████████
████████████████████████

   b.   ████████████████████████████
████████████████████████████████████

- 7 -
COMPLAINT



1 ███████████████████████████████████████████████

2 ████████████████████████

## II.   HTBASE INTEGRATION INTO JUNIPER AND ANDRADE'S DEPARTURE

54.     As a result of the acquisition, more than ten HTBASE employees joined Juniper, including Andrade. Upon joining Juniper, these former HTBASE employees continued developing Juke.

55.     Upon information and belief, Andrade maintained strict control over the source code for JukeFS, including preventing other employees—including former HTBASE employees—from accessing it.

56.     On October 8, 2019, Andrade gave notice of his intent to resign from Juniper (effective October 15, 2019). Both Andrade and his wife, Dainai Macedo, left Juniper on October 15, 2019.

57.     Upon information and belief, just before Andrade left Juniper, he made the source code for JukeFS accessible to other Juniper employees.

## III.   JUNIPER DISCOVERS THE VENDORS' REPRESENTATIONS WERE FALSE

58.     Shortly before Andrade's departure, Juniper hired a product manager to help continue the development of Juke into a finished product.

59.     To get up to speed, the product manager reviewed what little technical documentation existed for Juke and JukeFS and had several meetings with Andrade.

60.     Andrade was evasive when asked technical questions about how Juke and JukeFS work.  In fact, Andrade walked out of at least one meeting concerning the operation of Juke and JukeFS.  These unusual and unexpected reactions raised red flags inside of Juniper.

61.     The product manager analyzed the source code and executables for JukeFS and discovered that they looked like near copies of files from an open source project called LizardFS.

62.     LizardFS was itself based on another open source project called MooseFS and LizardFS contains source code from MooseFS.

63.     Both MooseFS and LizardFS are open source software projects related to distributed file systems. LizardFS is licensed under GNU General Public License version 3.

MooseFS is licensed under the GNU General Public License version 2. Both LizardFS and MooseFS are available to download free of charge and subject to various license restrictions.

64.     Upon further analysis, the product manager discovered that, although the JukeFS code appeared to be virtually identical to the LizardFS code, efforts had been made to conceal the fact that JukeFS was a copy of the LizardFS open source code rather than proprietary source code developed by HTBASE. Specifically, the product manager discovered that code obfuscation techniques had been used to rename "Lizard" and "Moose" references in the JukeFS source code to "Juke" references and to remove copyright attributions. Some references were missed, however, as the JukeFS executable files and configuration files both contain some references to MooseFS.

65.     Following the product manager's discovery, Juniper did a second open source scan of HTBASE's Juke source code. The results of the scan confirmed the product manager's initial conclusion: the source code repository for JukeFS that Andrade had closely guarded was a near-verbatim copy of LizardFS, which itself included open source components from MooseFS.

66.     ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

67.     On information and belief, Andrade was the individual responsible for changing LizardFS and MooseFS references to Juke references.

68.     Upon discovering Andrade's deception, Juniper acted quickly to remove Juke from its product catalog.

**A.     Juniper's Claim Notice**

69.     ███████████████████████████████████████████████████████████████████████████████████████████

70.     ███████████████████████████████████████████████████████████████████████████████████████████████████

71.     ***Accounts Receivable Claim.*** ████████████████████████████████████████████████████████████████

72. ███████████████████████████████
██████████████████████████████████
████████████████████████████████████
█████████████

73.    In 2019, Juniper discovered that there are no purchase orders or invoices that support these stated accounts receivable.

74. ████████████████████████████████
██████████████████████████

75.    ***Intellectual Property Claims.*** ████████████████████
████████████████████████████████████
█████████████

76.    Vendors' failure to disclose that Juke includes LizardFS open source software components ███████████████████████

77. ████████████████████████████████
█████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
██████████████████████

78. ████████████████████████████████████
███████████████████████████████████
███████████████████████████████████
█████████████████████

**B.    Andrade's Objection to Juniper's Claim Notice**

79. ████████████████████████████████████
████████████████████

80. ████████████████████████████████████
█████████████████████████████████

81. 

82.

83.

**FIRST CAUSE OF ACTION**

**Breach of Contract**

**(Against All Defendants)**

84.     Juniper incorporates each of paragraphs 1–83 by reference as though fully set forth herein.

85.     On November 28, 2018, Defendants, along with the other non-party Vendors, entered into the Purchase Agreement with Juniper.

86.

a.

b.

c.

d.

- 12 -



92.     Juniper has at all times performed its obligations under the Purchase Agreement or was excused from performing its obligations.

93.     As a proximate result of Defendants' breaches of the Purchase Agreement, Juniper has suffered and will continue to suffer substantial damages, the exact amount to be determined at trial.

**SECOND CAUSE OF ACTION**

**Fraudulent Misrepresentation**

**(Against Bruno Andrade)**

94.     Juniper incorporates each of paragraphs 1–93 by reference as though fully set forth herein.

95.     ███████████████████████████████████████

████████████████████████████████████████████

███████

96.     ███████████████████████████████████████

█████████████████████████████████████

97.     ████████████████████████████████████

████████████████████████████████████████████

98.     ████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████ Andrade concealed from Juniper that Juke and/or the JukeFS file system was based on or included open source software components from LizardFS.

99.     ████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████

100.     ███████████████████████████████████

████████████████████████████████████████████

█████████████████████████████

101.     After Juniper acquired HTBASE, Andrade prevented Juniper from learning about his misrepresentations and concealment by, among other things, limiting access to the JukeFS file

1   system source code. Andrade also intended to prevent Juniper from discovering his use of

2   LizardFS in Juke and/or JukeFS through his use of code obfuscation (*e.g.*, changing references to

3   MooseFS and/or LizardFS in the Juke/JukeFS source code to JukeFS). On information and belief,

4   it was Andrade who was responsible for these changes.

5         102.   ██████████████████████████████

6   ██████████████████████████████████████

7   ████████████████████████████

8         103.   ███████████████████████████

9   ██████████████████████████████████████

10   ████████████████████

11         104.   Upon information and belief, Andrade knew that his representations were false

12   when he made them. Alternatively, Andrade made the representations recklessly and without

13   regard for their truth.

14         105.   Andrade's misrepresentations and concealment were material and important to

15   Juniper's decision to enter into the Purchase Agreement. Juniper would not have entered into the

16   Purchase Agreement if it had been aware of the facts that Andrade concealed or the true facts that

17   Andrade had misrepresented.

18         106.   Andrade intended that Juniper rely on his misrepresentations of facts and on his

19   concealment of facts in entering the Purchase Agreement.

20         107.   At the time it acquired HTBASE, Juniper was not aware that Andrade concealed

21   that the JukeFS file system was based on or included LizardFS open source software components.

22   Juniper reasonably relied on Andrade's representations about Juke and the JukeFS file system.

23         108.   Juniper has been damaged as a result of Andrade's fraudulent misrepresentation

24   and concealment because Juniper spent money acquiring HTBASE and because it cannot

25   generate revenue from Juke or realize synergies between Juke and other Juniper products.

26   Furthermore, as a result of the acquisition, Juniper employed HTBASE's employees to work on

27   the development of Juke before shuttering the project. These are expenses Juniper would not have

28   incurred without Andrade's misrepresentations and concealments.

109.    As a direct and proximate result of the concealments and misrepresentations, Juniper has suffered and will continue to suffer substantial damages, the exact amount to be determined at trial.

110.    Juniper is informed and believes and thereon alleges that Andrade has acted with malice, oppression, and intent to defraud, justifying the imposition of punitive damages against Andrade in the amount sufficient to punish such conduct and deter any further such conduct in the future.

**THIRD CAUSE OF ACTION**

**Negligent Misrepresentation**

**(Against Bruno Andrade)**

111.    Juniper incorporates each of paragraphs 1–110 by reference as though fully set forth herein.

112.    Andrade owed Juniper a duty of care because he was a shareholder of HTBASE seeking to sell HTBASE to Juniper.

113.    ███████████████████████████████████████████████████████████████████████████████████

114.    ███████████████████████████████████████████████

115.    ███████████████████████████████████████

116.    ███████████████████████████████████████████████████████████████████████████████████████████████ Andrade concealed from Juniper that Juke and/or the JukeFS file system was based on or included open source software component from LizardFS.

117. [REDACTED]

118.     After Juniper acquired HTBASE, Andrade prevented Juniper from learning about his misrepresentations and concealment by, among other things, limiting access to the JukeFS file system source code. Andrade also intended to prevent Juniper from discovering his use of LizardFS in Juke and/or JukeFS through his use of code obfuscation (*e.g.*, changing references to MooseFS and/or LizardFS in the Juke/JukeFS source code to JukeFS). On information and belief, it was Andrade who was responsible for these changes.

119. [REDACTED]

120. [REDACTED]

121.     Andrade's misrepresentations and concealment were material and important to Juniper's decision to enter into the Purchase Agreement. Juniper would not have entered into the Purchase Agreement if it had been aware of the facts that Andrade concealed or the true facts that Andrade had misrepresented.

122.     Andrade intended that Juniper rely on his misrepresentations of facts and on his concealment of facts in entering the Purchase Agreement.

123.     At the time it acquired HTBASE, Juniper was not aware that Andrade concealed that the JukeFS file system was based on or included LizardFS open source software components. Juniper reasonably relied on Andrade's representations about Juke and the JukeFS file system.

124.     Juniper was damaged as a result of Andrade's fraudulent misrepresentations and concealments because Juniper spent money acquiring HTBASE and because it cannot generate

revenue from Juke or realize synergies between Juke and other Juniper products. Furthermore, as a result of the acquisition, Juniper employed HTBASE's employees to work on the development of Juke before shuttering the project. These are expenses Juniper would not have incurred without Andrade's misrepresentations and concealments.

125.    As a direct and proximate result of the concealments and misrepresentations, Juniper has suffered and will continue to suffer substantial damages, the exact amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Juniper prays for judgment as follows:

1.    For judgment to be entered in favor of Juniper and against Defendants on each of Juniper's causes of action.

2.    For compensatory damages in an amount to be proven at trial;

3.    Punitive and/or statutory damages;

4.    Pre-judgment and post-judgment interest at the maximum rate allowed by law;

5.    Attorneys' fees and costs incurred by virtue of this action as allowed by law; and

6.    Such other and further relief as the Court may deem proper.

## JURY TRIAL DEMAND

Pursuant to California Code of Civil Procedure section 631(a), Juniper demands a trial by jury.


Dated: February 28, 2020                    ORRICK, HERRINGTON & SUTCLIFFE LLP


                                            By: _____
                                                     Jared Bobrow
                                                 Attorneys for Plaintiff
                                                 Juniper Networks, Inc.

- 18 -

COMPLAINT

# Exhibit A

**PUBLIC - REDACTS MATERIALS FROM
CONDITIONALLY SEALED RECORD**

20CV364483
Santa Clara – Civil

M Reynoso

1   JARED BOBROW (STATE BAR NO. 133712)
    jbobrow@orrick.com
2   ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
3   Menlo Park, CA  94025-1015
    Telephone:    650 614 7400
4   Facsimile:    650 614 7401

5   ALYSSA M. CARIDIS (STATE BAR NO. 260103)
    acaridis@orrick.com
6   GEOFFREY G. MOSS (STATE BAR NO. 258827)
    gmoss@orrick.com
7   ORRICK, HERRINGTON & SUTCLIFFE LLP
    777 South Figueroa Street, Suite 3200
8   Los Angeles, CA  90017-5855
    Telephone:    213 629 2020
9   Facsimile:    213 612 2499

10

    Attorneys for Plaintiff
11  JUNIPER NETWORKS, INC.

12                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                            COUNTY OF SANTA CLARA

14

15  JUNIPER NETWORKS, INC.,                    Case No. 20-cv-364483

16                     Plaintiff,             **PLAINTIFF JUNIPER NETWORKS,**
                                              **INC.'S NOTICE OF MOTION AND**
17             v.                             **MOTION TO FILE DOCUMENTS**
                                              **UNDER SEAL [C.R.C. §§ 2.550 *et seq.*]**
18  BRUNO ANDRADE, MARS INVESTMENT
19  ACCELERATOR FUND INC.,                    Date:     April 23, 2020
    NORTHSPRING CAPITAL PARTNERS
20  INC., JOSMEYR ALVES DE OLIVEIRA, and      Time:     9:00 a.m.
    RUBEN MARCOS SEIDL, inclusive,
21                                            Dept:     20
                       Defendants.
22                                            Judge:    Socrates P. Manoukian

23

Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 3/5/2020 12:18 PM
Reviewed By: M Reynoso
Case #20CV364483
Envelope: 4126190

**TO ALL PARTIES, THEIR COUNSEL, AND THE CLERK OF THE COURT:**

PLEASE TAKE NOTICE that, pursuant to California Rules of Court 2.550 *et seq.* and this Court's Civil Local Rule 1.E(1), on April 23, 2020 at 9:00 a.m., in Department 20, or as soon thereafter as counsel may be heard, in the Superior Court of the State of California in the County of Santa Clara, Plaintiff Juniper Networks, Inc. moves for an order allowing it to file under seal portions of Plaintiff's Complaint against Defendants and the entirety of the document entitled "Share Purchase Agreement," which is attached as Exhibit A to the Complaint.

The motion is made on the grounds that the Complaint and Exhibit A thereto may contain information that constitutes "Confidential Information" as that term is defined in Exhibit A. Filing these documents under seal will protect any confidentiality interest in the "Confidential Information."

Plaintiff's motion to file under seal is based on this notice, the accompanying memorandum of points and authorities, the supporting Declaration of Jared Bobrow ("Bobrow Decl."), any matters of which the Court may take judicial notice, any evidence or argument presented at the hearing to this motion, and any other matters the Court deems proper.  A [Proposed] Order Granting Plaintiff's Motion to File Under Seal is attached hereto.

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to California Rules of Court 2.550 and this Court's Civil Local Rule 1.E(1), Plaintiff Juniper Networks, Inc. submits this Memorandum of Points and Authorities in support of its Motion to File Under Seal a portion of Plaintiff's Complaint and the entirety of the Share Purchase Agreement ("SPA") that is attached as Exhibit A to the Complaint.

This action arises from Plaintiff's purchase of a company called HTBASE pursuant to the SPA. Defendants are parties to the SPA and sold their shares in HTBASE to Plaintiff. The Complaint alleges causes of action for breach of the SPA by all Defendants, for fraud by Defendant Andrade in connection with the sale of HTBASE under the SPA, and for negligent misrepresentation by Defendant Andrade in connection with the sale of HTBASE under the SPA.

The SPA defines "Confidential Information" to include the terms of the SPA as well as information disclosed by any party in connection with the purchase transaction that reflects the party's business. As so defined, the Complaint and the SPA may contain "Confidential Information," including the terms of the SPA and information disclosed by the parties to the SPA relating to their businesses.

Accordingly, out of an abundance of caution and so as not to inadvertently breach the confidentiality provisions of the contract, Plaintiff seeks to file its Complaint and Exhibit A thereto (the SPA) under seal.

Under the standard for sealing documents, a court must find the following with respect to the proposed records to be filed under seal:

1. there exists an overriding interest that overcomes the right of public access to the record;

2. the overriding interest supports sealing the record;

3. a substantial probability exists that the overriding interest will be prejudiced if the records are not sealed;

4. the proposed sealing is narrowly tailored; and

5. no less restrictive means exists to achieve the overriding interest.

Cal. Rules of Court 2.550(d)(1)–(5). The California Supreme Court has held that a request to file

trade secrets, proprietary business information, and other highly confidential business information constitutes an "overriding interest" that supports sealing records. *NBC Subsidiary (KNBC-TV), Inc. v. Superior Court*, 20 Cal. 4th 1178, 1222 (1999). The Court listed other overriding interests that might support sealing, including the enforcement of binding contractual obligations not to disclose. *NBC*, 20 Cal. 4th at 1222 n.46.

Here, the SPA defines "Confidential Information" and includes "Confidentiality" provisions for the disclosure of "Confidential Information" under terms to protect any confidentiality interests that may remain in "Confidential Information." One such provision describes disclosing "Confidential Information" through an appropriate means. Plaintiff expects that Defendants may claim that information in the Complaint and the terms of Exhibit A are "Confidential Information" that should be filed under seal and not disclosed publicly. Sealing the Complaint and Exhibit A is the only practicable way to protect any confidentiality interests there may be in the "Confidential Information" in the Complaint and the SPA.

Based on the foregoing, Plaintiff respectfully requests that the Court grant its motion to file its Complaint and Exhibit A thereto under seal.

Dated:  March 5, 2020

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
              Jared Bobrow
        Attorneys for Plaintiff
        Juniper Networks, Inc.

- 4 -

20CV364483
Santa Clara – Civil

M Reynoso

JARED BOBROW (STATE BAR NO. 133712)
jbobrow@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:     650 614 7400
Facsimile:      650 614 7401

ALYSSA M. CARIDIS (STATE BAR NO. 260103)
acaridis@orrick.com
GEOFFREY G. MOSS (STATE BAR NO. 258827)
gmoss@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017-5855
Telephone:     213 629 2020
Facsimile:      213 612 2499

Attorneys for Plaintiff
JUNIPER NETWORKS, INC.

Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 3/5/2020 12:18 PM
Reviewed By: M Reynoso
Case #20CV364483
Envelope: 4126190

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| JUNIPER NETWORKS, INC.,<br><br>                    Plaintiff,<br><br>          v.<br><br>BRUNO ANDRADE, MARS INVESTMENT ACCELERATOR FUND INC., NORTHSPRING CAPITAL PARTNERS INC., JOSMEYR ALVES DE OLIVEIRA, and RUBEN MARCOS SEIDL, inclusive,<br><br>                    Defendants. | Case No. 20-cv-364483<br><br>**DECLARATION OF JARED BOBROW IN SUPPORT OF PLAINTIFF JUNIPER NETWORKS, INC.'S MOTION TO FILE DOCUMENTS UNDER SEAL [C.R.C. §§ 2.550 *et seq.*]**<br><br>Date:      April 23, 2020<br>Time:     9:00 a.m.<br>Dept:      20<br>Judge:    Socrates P. Manoukian |

I, Jared Bobrow, declare:

1.      I am a member of the State Bar of California and a partner in the law firm of Orrick, Herrington & Sutcliffe LLP, counsel of record in this action for Plaintiff Juniper Networks, Inc. ("Juniper").  I make this declaration in support of Plaintiff's Notice of Motion and Motion to File Documents Under Seal.  I have personal knowledge of the facts set forth in this declaration and, if called to testify as a witness, could and would testify to the following under oath.

2.      The Complaint in this action arises from Plaintiff's purchase of a company called HTBASE pursuant to a document entitled "Share Purchase Agreement" ("SPA").  The Complaint alleges causes of action for breach of the SPA by all Defendants, for fraud by Defendant Andrade in connection with the sale of HTBASE under the SPA, and for negligent misrepresentation by Defendant Andrade in connection with the sale of HTBASE under the SPA.  Because of the nature of Plaintiff's causes of action, the Complaint quotes from and discusses the terms of the SPA and attaches the SPA as Exhibit A.  The Complaint also discusses communications between the parties in connection with the SPA that reflect the businesses of the parties.

3.      The SPA defines "Confidential Information" to include the terms of the SPA as well as information disclosed by any party in connection with the purchase transaction that reflects the party's business.  As so defined, the Complaint and the SPA may contain "Confidential Information," including the terms of the SPA and information disclosed by the parties to the SPA relating to their businesses.

4.      The SPA includes provisions for the disclosure of "Confidential Information" under terms to protect any confidentiality interests that may remain in "Confidential Information."  One such provision describes disclosing "Confidential Information" through an appropriate remedy.

5.      Plaintiff expects that Defendants may argue that the Complaint and the SPA include "Confidential Information" and that documents which include such information should be filed under seal.

///

Executed on March 5, 2020, at Menlo Park, California.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Jared Bobrow

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>JARED BOBROW (SBN# 133712)<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: (650) 614-7400   FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: jbobrow@orrick.com<br>ATTORNEY FOR *(Name)*: JUNIPER NETWORKS, INC. | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 3/11/2020 1:34 PM<br>Reviewed By: System System<br>Case #20CV364483<br>Envelope: 4154936** |

System System

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 N. FIRST STREET
MAILING ADDRESS:
CITY AND ZIP CODE: SAN JOSE, CA 95113
BRANCH NAME:

| PLAINTIFF/PETITIONER: JUNIPER NETWORKS, INC. | CASE NUMBER:<br>20-CV-364483 |
|---|---|
| DEFENDANT/RESPONDENT: ANDRADE, ET AL. | |

| | Ref. No. or File No.: |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | 504752 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☐ summons

   b. ☐ complaint

   c. ☐ Alternative Dispute Resolution (ADR) package

   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*

   e. ☐ cross-complaint

   f. ☑ other *(specify documents)*: ATTACHMENT"A"

3. a. Party served *(specify name of party as shown on documents served)*:
   BRUNO ANDRADE

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

4. Address where the party was served: 59 Devonshire Avenue
   Mountain View, Ca 94043

5. I served the party *(check proper box)*

   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: 03/09/2020   (2) at *(time)*: 10:39AM

   b. ☐ **by substituted service.** On *(date)*:   at *(time)*:   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:   from *(city)*:   or ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

| PLAINTIFF/PETITIONER: JUNIPER NETWORKS, INC. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ANDRADE, ET AL. | 20-CV-364483 |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

　　　(1) on (date):　　　　　　　　　　　　(2) from (city):

　　　(3) ☐ with two copies of the Notice and Acknowledgment of Receipt and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

　　　(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

　　d. ☐ **by other means** (specify means of service and authorizing code section):

　　　☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
　　a. ☑ as an individual defendant.
　　b. ☐ as the person sued under the fictitious name of (specify):
　　c. ☐ as occupant.
　　d. ☐ On behalf of (specify):
　　　under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.  **Person who served papers**
　　a. Name:　JEROME ENRIQUEZ
　　b. Address: **Professional Legal Services P.O. Box 90417, San Jose, CA  95109**
　　c. Telephone number: 408-280-0700
　　d. The fee for service was: $ $351.75
　　e. I am:
　　　(1) ☐ not a registered California process server.
　　　(2) ☐ exempt from registration under Business and Professions Code section 22350(b).
　　　(3) ☑ a registered California process server:
　　　　(i) ☐ owner ☐ employee ☑ independent contractor.
　　　　(ii) Registration No. 1474
　　　　(iii) County: SANTA CLARA

8.  ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

　　or

9.  ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: March 9, 2020

　　　Jerome Enriquez
　　(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)　　　　　　　　　▶ _____ (SIGNATURE )

SANTA CLARA SUPERIOR COURT
191 N. FIRST STREET
Case #   20-CV-364483

JUNIPER NETWORKS, INC.
ANDRADE, ET AL.

## Attachment "A"

### BRUNO ANDRADE

1. SUMMONS

2. COMPLAINT (FILED UNDER SEAL)

3. COMPLAINT (REDACTED PUBLIC COPY)

4. PLAINTIFF JUNIPER NETWORKS, INC.'S NOTICE OF MOTION AND MOTION TO FILE DOCUMENTS UNDER SEAL (C.R.C. 2.550 ET SEQ)

5. DECLARATION OF JARED BOBROW IN SUPPORT OF PLAINTIFF JUNIPER NETWORKS, INC.'S MOTION TO FILE DOCUMENTS UNDER SEAL (C.R.C. 2.550 ET SEQ.)

6. CIVIL LAWSUIT NOTICE

7. ADR INFORMATION SHEET

8. LETTER FROM JARED BOBROW RE: COMPLAINT, DATED MARCH 5, 2020

POS-010
System System

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| JARED BOBROW (SBN # 133712)<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025<br>TELEPHONE NO.: (650) 614-7400  FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: jbobrow@orrick.com<br>ATTORNEY FOR *(Name)*: JUNIPER NETWORKS, INC. | **Electronically Filed**<br>**by Superior Court of CA,**<br>**County of Santa Clara,**<br>**on 3/11/2020 1:43 PM**<br>**Reviewed By: System System**<br>**Case #20CV364483**<br>**Envelope: 4155047** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA | |
|---|---|
| STREET ADDRESS: 191 N. FIRST STREET<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: SAN JOSE, CA  95113<br>BRANCH NAME: | |

| PLAINTIFF/PETITIONER: JUNIPER NETWORKS, INC. | CASE NUMBER:<br>20-CV-364483 |
|---|---|
| DEFENDANT/RESPONDENT: ANDRADE, ET AL. | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>504755 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☐ summons
   b. ☐ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* ATTACHMENT "A"
3. a. Party served *(specify name of party as shown on documents served):*
      JOSMEYR ALVES DE OLIVEIRA

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: 59 DEVONSHIRE AVENUE
   MOUNTAIN VIEW, CA 94043

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*  (2) at *(time):*
   b. ☑ **by substituted service.** On *(date):* 03/09/2020  at *(time):* 10:39AM  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
      BRUNO ANDRADE, REGISTERED AGENT/PERSON AUTHORIZED TO ACCEPT
      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☑ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* 03/09/2020 from *(city):* SAN JOSE, CA  or ☑ a declaration of mailing is attached.
      (5) ☑ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

| PLAINTIFF/PETITIONER: JUNIPER NETWORKS, INC. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ANDRADE, ET AL. | 20-CV-364483 |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:        (2) from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section)*:

    ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☑ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify)*:
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify)*:
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)    ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)    ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)    ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)    ☐ 415.46 (occupant)
               ☐ other:

7.  **Person who served papers**
  a. Name:  Jerome Enriquez
  b. Address: **Professional Legal Services P.O. Box 90417, San Jose, CA  95109**
  c. Telephone number:408-280-0700
  d. The fee for service was: $  $25.00
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ a registered California process server:
      (i) ☐ owner ☐ employee ☑ independent contractor.
      (ii) Registration No.:1474
      (iii) County: SANTA CLARA

8.  ☑ **I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

    **or**

9.  ☐ **I am a California sheriff or marshal and I certify that the foregoing is true and correct.**

Date:  March 9, 2020

Jerome Enriquez
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____ (SIGNATURE)

JARED BOBROW (SBN # 133712)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 614-7400
Attorneys for: JUNIPER NETWORKS, INC.

SANTA CLARA SUPERIOR COURT
191 N. FIRST STREET

Plaintiff(s)    : JUNIPER NETWORKS, INC.
Defendant(s) : ANDRADE, ET AL.

| | |
|---|---|
| **Hearing Date:** | |
| Time: | Dept. |

| Invoice No. 504755 | **DECLARATION RE DILIGENCE** | Case No.20-CV-364483 |
|---|---|---|

I JEROME ENRIQUEZ                            , and any employees or independent contractors retained by

Professional Legal Services, Inc. are and were on the dates mentioned herein over the age of eighteen years
and not a party to this action. Personal service was attempted on

### JOSMEYR ALVES DE OLIVEIRA

(3)  Alternate Address :   ,
(2)  Business Address  :  59 DEVONSHIRE AVENUE, MOUNTAIN VIEW, CA 94043
(1)  Residence Address:   59 DEVONSHIRE AVENUE, Mountain View, Ca 94043
  Date and time of attempt(s):

03/06/20  -   6:13PM  -  NO ANSWER AT RESIDENCE.
03/06/20  -   7:45PM  -  NO LIGHTS. NO ANSWER AT RESIDENCE.
03/07/20  - 11:23AM  -  NO ANSWER AT THE DOOR, NO ANSWER AT NEIGHBORS.
03/08/20  -   4:02PM  -  NO ANSWER AT RESIDENCE. NO DOOR NOISE.
03/09/20  -   7:32AM  -  NO ANSWER AT RESIDENCE.
03/09/20  - 10:39AM  -  PERSONAL SERVICE ON REGISTERED AGENT: BRUNO ANDRADE

This Declaration is based upon business records maintained in the normal course of business
I declare under penalty of perjury under the laws of the State of California that the foregoing is
true and correct.
Executed on  March 10, 2020                    Signature:_____
                                                                              Jerome Enriquez

Printed on recycled paper  **Professional Legal Services P.O. Box 90417, San Jose, CA -95109** 408-280-0700 fax-408-280-7121

| Attorney Or Party Without Attorney (Name and Address) | | Telephone: | FOR COURT USE ONLY |
|---|---|---|---|
| JARED BOBROW (SBN # 133712)<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025 | | (650) 614-7400 | |
| Attorneys for: JUNIPER NETWORKS, INC. | | Ref. No. Or File No.<br>504755 | |

Insert name of court, judicial district and branch court, if any:
SANTA CLARA SUPERIOR COURT
191 N. FIRST STREET

Plaintiff:
JUNIPER NETWORKS, INC.

Defendant:
ANDRADE, ET AL.

| **POS BY MAIL** | Date: | Time: | Dept/Div: | Case Number:<br>20-CV-364483 |
|---|---|---|---|---|

At the time of service I was at least 18 years of age and not a party to this action.
On March 9, 2020, I served the within :

    ATTACHMENT"A"

on the defendant in the within action by placing a true copy in a sealed envelope with postage fully prepaid for first class in the United States mail at San Jose, California, addressed as follows:

    JOSMEYR ALVES DE OLIVEIRA
    59 DEVONSHIRE AVENUE
    MOUNTAIN VIEW, CA 94043

    REGISTERED AGENT: BRUNO ANDRADE

Person serving:
ROSALIE CANONIZADO
**PROFESSIONAL LEGAL SERVICES**
**P.O. Box 90417, San Jose, CA 95109**
**408-280-0700    Fax 408-280-7121**

a. Fee for service:
d. Registered California Process Server
  (1) Employee or independent contractor
  (2) Registration No.:
  (3) County:
  (4) Expires:  <Field Missing>

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: March 10, 2020

Signature:_____
           ROSALIE CANONIZADO



Judicial Council form, rule 982(a)  (23)

SANTA CLARA SUPERIOR COURT
191 N. FIRST STREET
Case #   20-CV-364483

JUNIPER NETWORKS, INC.
ANDRADE, ET AL.

## Attachment "A"

### JOSMEYR ALVES DE OLIVEIRA

1. SUMMONS

2. COMPLAINT (FILED UNDER SEAL)

3. COMPLAINT (REDACTED PUBLIC COPY)

4. PLAINTIFF JUNIPER NETWORKS, INC.'S NOTICE OF MOTION AND MOTION TO FILE DOCUMENTS UNDER SEAL (C.R.C. 2.550 ET SEQ)

5. DECLARATION OF JARED BOBROW IN SUPPORT OF PLAINTIFF JUNIPER NETWORKS, INC.'S MOTION TO FILE DOCUMENTS UNDER SEAL (C.R.C. 2.550 ET SEQ.)

6. CIVIL LAWSUIT NOTICE

7. ADR INFORMATION SHEET

**POS-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>JARED BOBROW (SBN# 133712)<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025<br>TELEPHONE NO.: (650) 614-7400          FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* jbobrow@orrick.com<br>ATTORNEY FOR *(Name):* JUNIPER NETWORKS, INC. | **FOR COURT USE ONLY**       System System<br><br>**Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 3/11/2020 1:43 PM<br>Reviewed By: System System<br>Case #20CV364483<br>Envelope: 4155047** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SANTA CLARA
STREET ADDRESS: 191 N. FIRST STREET
MAILING ADDRESS:
CITY AND ZIP CODE: SAN JOSE, CA  95113
BRANCH NAME:

| | |
|---|---|
| PLAINTIFF/PETITIONER: JUNIPER NETWORKS, INC.<br><br>DEFENDANT/RESPONDENT: ANDRADE, ET AL. | CASE NUMBER:<br>20-CV-364483 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>504754 |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a. ☐ summons
    b. ☐ complaint
    c. ☐ Alternative Dispute Resolution (ADR) package
    d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
    e. ☐ cross-complaint
    f. ☑ other *(specify documents):*  ATTACHMENT "A"

3.  a. Party served *(specify name of party as shown on documents served):*
    NORTHSPRING CAPITAL PARTNERS INC.

    b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
    under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
    REGISTERED AGENT: BRUNO ANDRADE

4.  Address where the party was served:  59 Devonshire Avenue
    Mountain View, Ca 94043
5.  I served the party *(check proper box)*
    a. ☑ **by personal service.** I personally delivered the documents listed in Item 2 to the party or person authorized to
    receive service of process for the party (1) on *(date):* 03/09/2020     (2) at *(time):* 10:39AM
    b. ☐ **by substituted service.** On *(date):*          at *(time):*          I left the documents listed in item 2 with or
    in the presence of *(name and title or relationship to person indicated in item 3):*

    (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
    of the person to be served. I informed him or her of the general nature of the papers.

    (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
    place of abode of the party. I informed him or her of the general nature of the papers.

    (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
    address of the person to be served, other than a United States Postal Service post office box.  I informed
    him or her of the general nature of the papers.

    (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
    at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
    *(date):*          from *(city):*          or ☐ a declaration of mailing is attached.

    (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: JUNIPER NETWORKS, INC. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ANDRADE, ET AL. | 20-CV-364483 |

5.  c. ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*               (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*) (Code Civ. Proc., § 415.30.)*

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐  **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐  as an individual defendant.
  b. ☐  as the person sued under the fictitious name of *(specify):*
  c. ☐  as occupant.
  d. ☑  On behalf of *(specify):*NORTHSPRING CAPITAL PARTNERS INC.
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.  **Person who served papers**
  a.  Name:  Jerome Enriquez
  b.  Address: **Professional Legal Services P.O. Box 90417, San Jose, CA  95109**
  c.  Telephone number: 408-280-0700
  d.  The fee for service was: $  $25.00
  e.  I am:
    (1) ☐  not a registered California process server.
    (2) ☐  exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑  a registered California process server:
      (i) ☐ owner ☐ employee ☑ independent contractor.
      (ii)  Registration No.: 1474
      (iii)  County:  SANTA CLARA

8.  ☑  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    **or**

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  March 9, 2020

Jerome Enriquez
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
                 (SIGNATURE )

SANTA CLARA SUPERIOR COURT
191 N. FIRST STREET
Case #   20-CV-364483

JUNIPER NETWORKS, INC.
ANDRADE, ET AL.

## Attachment "A"

**NORTHSPRING CAPITAL PARTNERS INC.**

1. SUMMONS

2. COMPLAINT (FILED UNDER SEAL)

3. COMPLAINT (REDACTED PUBLIC COPY)

4. PLAINTIFF JUNIPER NETWORKS, INC.'S NOTICE OF MOTION AND MOTION TO FILE DOCUMENTS UNDER SEAL (C.R.C. 2.550 ET SEQ)

5. DECLARATION OF JARED BOBROW IN SUPPORT OF PLAINTIFF JUNIPER NETWORKS, INC.'S MOTION TO FILE DOCUMENTS UNDER SEAL (C.R.C. 2.550 ET SEQ.)

6. CIVIL LAWSUIT NOTICE

7. ADR INFORMATION SHEET

20CV364483
Santa Clara - Civil

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY | System System |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
  JARED BOBROW (SBN# 133712)
  ORRICK, HERRINGTON & SUTCLIFFE LLP
  1000 Marsh Road
  Menlo Park, CA 94025
  TELEPHONE NO: (650) 614-7400   FAX NO. *(Optional):*
  E-MAIL ADDRESS *(Optional):* jbobrow@orrick.com
  ATTORNEY FOR *(Name):* JUNIPER NETWORKS, INC.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
  STREET ADDRESS: 191 N. FIRST STREET
  MAILING ADDRESS:
  CITY AND ZIP CODE: SAN JOSE, CA 95113
  BRANCH NAME:

**FOR COURT USE ONLY**

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 3/11/2020 1:43 PM
Reviewed By: System System
Case #20CV364483
Envelope: 4155047**

| PLAINTIFF/PETITIONER: JUNIPER NETWORKS, INC. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ANDRADE, ET AL. | 20-CV-364483 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: 504753 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☐ summons
   b. ☐ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* ATTACHMENT"A"

3. a. Party served *(specify name of party as shown on documents served):*
      MARS INVESTMENT ACCELERATOR FUND INC.

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      REGISTERED AGENT: BRUNO ANDRADE

4. Address where the party was served: 59 Devonshire Avenue
      Mountain View, Ca 94043

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in Item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 03/09/2020   (2) at *(time):* 10:39AM
   b. ☐ **by substituted service.** On *(date):*          at *(time):*          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*          or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use Judicial Council of California POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

| | |
|---|---|
| PLAINTIFF/PETITIONER: JUNIPER NETWORKS, INC. | CASE NUMBER: |
| DEFENDANT/RESPONDENT: ANDRADE, ET AL. | 20-CV-364483 |

5.  c. ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the
address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:                  (2) from *(city)*:

    (3) ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed
to me.  *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐  to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

  d. ☐  **by other means** *(specify means of service and authorizing code section)*:

    ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐  as an individual defendant.
  b. ☐  as the person sued under the fictitious name of *(specify)*:
  c. ☐  as occupant.
  d. ☑  On behalf of *(specify)*:MARS INVESTMENT ACCELERATOR FUND INC.
    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)            ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)           ☐ 415.46 (occupant)
                                ☐ other:

7.  **Person who served papers**
  a.  Name:  Jerome Enriquez
  b.  Address: **Professional Legal Services P.O. Box 90417, San Jose, CA  95109**
  c.  Telephone number: 408-280-0700
  d.  **The fee** for service was:  $  $25.00
  e.  I am:
    (1) ☐  not a registered California process server.
    (2) ☐  exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑  a registered California process server:
      (i) ☐ owner  ☐ employee  ☑ independent contractor.
      (ii)  Registration No.: 1474
      (iii)  County:  SANTA CLARA

8.  ☑  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  March 9, 2020

Jerome Enriquez                    ▶

_____    _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)    (SIGNATURE )

SANTA CLARA SUPERIOR COURT
191 N. FIRST STREET
Case #   20-CV-364483

JUNIPER NETWORKS, INC.
ANDRADE, ET AL.

## Attachment "A"

**MARS INVESTMENT ACCELERATOR FUND INC.**

1. SUMMONS

2. COMPLAINT (FILED UNDER SEAL)

3. COMPLAINT (REDACTED PUBLIC COPY)

4. PLAINTIFF JUNIPER NETWORKS, INC.'S NOTICE OF MOTION AND MOTION TO FILE DOCUMENTS UNDER SEAL (C.R.C. 2.550 ET SEQ)

5. DECLARATION OF JARED BOBROW IN SUPPORT OF PLAINTIFF JUNIPER NETWORKS, INC.'S MOTION TO FILE DOCUMENTS UNDER SEAL (C.R.C. 2.550 ET SEQ.)

6. CIVIL LAWSUIT NOTICE

7. ADR INFORMATION SHEET

20CV364483
Santa Clara - Civil

POS-010
System System

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| JARED BOBROW (SBN # 133712)<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025<br>TELEPHONE NO.: (650) 614-7400    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional): jbobrow@orrick.com<br>ATTORNEY FOR (Name): JUNIPER NETWORKS, INC. | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 3/11/2020 1:43 PM<br>Reviewed By: System System<br>Case #20CV364483<br>Envelope: 4155047** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 N. FIRST STREET
MAILING ADDRESS:
CITY AND ZIP CODE: SAN JOSE, CA  95113
BRANCH NAME:

| PLAINTIFF/PETITIONER: JUNIPER NETWORKS, INC. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ANDRADE, ET AL. | 20-CV-364483 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>504756 |
|---|---|

**(Separate proof of service is required for each party served.)**

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☐ summons
   b. ☐ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* ATTACHMENT"A"

3. a. Party served *(specify name of party as shown on documents served):*
   RUBEN MARCOS SEIDL

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: 59 DEVONSHIRE AVENUE
   MOUNTAIN VIEW, CA 94043

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):*                    (2) at *(time):*

   b. ☑ **by substituted service.** On *(date):* 03/09/2020  at *(time):* 10:39AM  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
   BRUNO ANDRADE, REGISTERED AGENT/PERSON AUTHORIZED TO ACCEPT

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) ☑ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* 03/09/2020  from *(city):* SAN JOSE, CA    or ☑ a declaration of mailing is attached.

   (5) ☑ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS**
Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: JUNIPER NETWORKS, INC. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ANDRADE, ET AL. | 20-CV-364483 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*               (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☑ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)         ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)         ☐ 415.46 (occupant)
                            ☐ other:

7. **Person who served papers**
  a. Name: Jerome Enriquez
  b. Address: **Professional Legal Services P.O. Box 90417, San Jose, CA 95109**
  c. Telephone number: 408-280-0700
  d. The fee for service was: $ $25.00
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ a registered California process server:
      (i) ☐ owner ☐ employee ☑ independent contractor.
      (ii) Registration No.: 1474
      (iii) County: SANTA CLARA

8. ☑ **I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

    or

9. ☐ **I am a California sheriff or marshal and I certify that the foregoing is true and correct.**

Date: March 9, 2020

Jerome Enriquez
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
                      (SIGNATURE )

JARED BOBROW (SBN # 133712)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 614-7400
Attorneys for:  JUNIPER NETWORKS, INC.

SANTA CLARA SUPERIOR COURT
191 N. FIRST STREET

Plaintiff(s)   : JUNIPER NETWORKS, INC.
Defendant(s) : ANDRADE, ET AL.

| | | Hearing Date: | |
| Invoice No.  504756 | **DECLARATION RE DILIGENCE** | Time:            Dept. | |
| | | Case No. 20-CV-364483 | |

I JEROME ENRIQUEZ                          , and any employees or independent contractors retained by

Professional Legal Services, Inc. are and were on the dates mentioned herein over the age of eighteen years
and not a party to this action. Personal service was attempted on

**RUBEN MARCOS SEIDL**

(3)  Alternate Address :   ,
(2)  Business Address  :   59 DEVONSHIRE AVENUE, MOUNTAIN VIEW, CA 94043
(1)  Residence Address:   59 DEVONSHIRE AVENUE, Mountain View, Ca 94043
     Date and time of attempt(s):

03/06/20  -    6:13PM  -  NO ANSWER AT RESIDENCE.
03/06/20  -    7:45PM  -  NO LIGHTS. NO ANSWER AT RESIDENCE.
03/07/20  -  11:23AM  -  NO ANSWER AT THE DOOR, NO ANSWER AT NEIGHBORS.
03/08/20  -    4:02PM  -  NO ANSWER AT RESIDENCE. NO DOOR NOISE.
03/09/20  -    7:32AM  -  NO ANSWER AT RESIDENCE.
03/09/20  -  10:39AM  -  PERSONAL SERVICE ON REGISTERED AGENT:  BRUNO ANDRADE

This Declaration is based upon business records maintained in the normal course of business
I declare under penalty of perjury under the laws of the State of California that the foregoing is
true and correct.
Executed on  March 10, 2020                          Signature:_____
                                                                                    Jerome Enriquez
Printed on recycled paper  **Professional Legal Services P.O. Box 90417, San Jose, CA  95109** / 408-280-8700  fax-408-280-7121

Attorney Or Party Without Attorney (Name and Address)

JARED BOBROW (SBN # 133712)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025

Telephone:
**(650) 614-7400**

Ref. No. Or File No.
504756

FOR COURT USE ONLY

Attorneys for: JUNIPER NETWORKS, INC.

Insert name of court, judicial district and branch court, if any:

SANTA CLARA SUPERIOR COURT
191 N. FIRST STREET

Plaintiff:

JUNIPER NETWORKS, INC.

Defendant:

ANDRADE, ET AL.

| POS BY MAIL | Date: | Time: | Dept/Div: | Case Number:<br>20-CV-364483 |
|---|---|---|---|---|

At the time of service I was at least 18 years of age and not a party to this action.
On March 9, 2020 , I served the within :

    ATTACHMENT"A"

on the defendant in the within action by placing a true copy in a sealed envelope with postage fully prepaid for first class in the United States mail at San Jose, California, addressed as follows:

    RUBEN MARCOS SEIDL
    59 DEVONSHIRE AVENUE
    MOUNTAIN VIEW, CA 94043

    REGISTERED AGENT: BRUNO ANDRADE

Person serving:
ROSALIE CANONIZADO
**PROFESSIONAL LEGAL SERVICES**
**P.O. Box 90417, San Jose, CA 95109**
**408-280-0700    Fax 408-280-7121**

a. Fee for service:
d. Registered California Process Server
    (1) Employee or independent contractor
    (2) Registration No.:
    (3) County:
    (4) Expires:  <Field Missing>

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  March 10, 2020

Signature:_____
                    ROSALIE CANONIZADO



Judicial Council form, rule 982(a)  (23)

SANTA CLARA SUPERIOR COURT                    JUNIPER NETWORKS, INC.
191 N. FIRST STREET                           ANDRADE, ET AL.
Case #   20-CV-364483

## Attachment "A"

### RUBEN MARCOS SEIDL

1. SUMMONS

2. COMPLAINT (FILED UNDER SEAL)

3. COMPLAINT (REDACTED PUBLIC COPY)

4. PLAINTIFF JUNIPER NETWORKS, INC.'S NOTICE OF MOTION AND MOTION TO FILE DOCUMENTS UNDER SEAL (C.R.C. 2.550 ET SEQ)

5. DECLARATION OF JARED BOBROW IN SUPPORT OF PLAINTIFF JUNIPER NETWORKS, INC.'S MOTION TO FILE DOCUMENTS UNDER SEAL (C.R.C. 2.550 ET SEQ.)

6. CIVIL LAWSUIT NOTICE

7. ADR INFORMATION SHEET