UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUNIPER NETWORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BRUNO ANDRADE, MARS INVESTMENT ACCELERATOR FUND INC., NORTHSPRING CAPITAL PARTNERS INC., JOSMEYR ALVES DE OLIVEIRA, and RUBEN MARCOS SEID, <br><br> Defendants. | Case No. 20-cv-02360-BLF <br><br> **ORDER GRANTING DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** <br><br> [Re: ECF 8] |

Plaintiff Juniper Networks, Inc. filed this action in the Santa Clara County Superior Court on February 8, 2020, asserting state law contract and fraud claims arising out of Plaintiff's acquisition of HTBASE Corporation. *See* Notice of Removal ¶ 1 & Exh. A, ECF 1. In the Superior Court, Plaintiff moved to seal portions of the complaint and the entirety of Exhibit A to the complaint, which is the Share Purchase Agreement that governed Plaintiff's acquisition of HTBASE . *See* Martin Decl. ¶¶ 4-5, ECF 8-1. Defendants removed the action to federal district court on April 8, 2020. *See* Notice of Removal, ECF 1. The removal documents included the redacted complaint that Plaintiff submitted to the Superior Court. *See* Notice of Removal.

In conjunction with the removal, Defendants filed the present administrative motion to seal the same portions of the complaint, and Exhibit A to the complaint, that Plaintiff sought to seal in the Superior Court. *See* Administrative Motion to File Under Seal, ECF 8. As discussed below, the Court finds that Defendants' motion satisfies the requirements of the applicable case authorities and this Court's Civil Local Rules.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, filings that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Sealing motions filed in this district also must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). A party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A).

As asserted by Plaintiff in the Superior Court, and by Defendants here, the materials as to which sealing is requested contain non-public, proprietary business information, the public disclosure of which could bring harm to the parties from their competitors. *See* Martin Decl. ¶¶ 5-8. This is sufficient to satisfy the compelling reasons standard. *See Ctr. for Auto Safety*, 809 F.3d at 1097 (compelling reasons standard met when material includes "sources of business information that might harm a litigant's competitive standing." (internal quotation marks and citation omitted)). The sealing request is narrowly tailored to seek sealing of the confidential Share Purchase Agreement and the portions of the complaint that discuss those contents. Defendant's counsel advised Plaintiff's counsel of the Administrative Motion on or before the date it was filed. *See* Martin Decl. ¶ 9. The deadline to oppose the Administrative Motion has elapsed and no opposition has been filed. *See* Civ. L.R. 7-11 (opposition to administrative motion due 4 days after motion is filed).

**ORDER**

Defendants' Administrative Motion to File Under Seal is GRANTED.

This order terminates ECF 8.

Dated: April 15, 2020

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge

2