SONIA MARTIN (State Bar No. 191148)
ANNE E. WADDELL (State Bar No. 311388)
DENTONS US LLP
One Market Plaza
Spear Tower, 24th Floor
San Francisco, CA  94105
Telephone:   (415) 267-4000
Facsimile:    (415) 267-4198
Email:         sonia.martin@dentons.com
                    anne.waddell@dentons.com

Attorneys for Defendants
BRUNO ANDRADE, MARS INVESTMENT
ACCELERATOR FUND INC. NORTHSPRING
CAPITAL PARTNERS INC., JOSMEYR ALVES
DE OLIVEIRA, and RUBEN MARCOS SEIDL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUNIPER NETWORKS, INC.,<br><br>              Plaintiff,<br><br>       vs.<br><br>BRUNO ANDRADE, MARS INVESTMENT ACCELERATOR FUND INC.,NORTHSPRING CAPITAL PARTNERS INC., JOSMEYR ALVES DE OLIVEIRA, and RUBEN MARCOS SEIDL, inclusive,<br><br>              Defendants. | Case No.:  5:20-cv-02360-BLF<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY TO DEFENDANTS' MOTION TO DISMISS**<br><br><br>Trial Date:  None Set<br>Date Action Filed:  February 28, 2020 |

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CA, 94105
(415) 267-4000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CA 94105
(415) 267-4000

"Surreplies are disfavored and the Court routinely rejects them."  *Buffin v. City and County of San Francisco*, 2016 WL 2606865 (N.D. Cal. May 6, 2016); *see also Brown v. Harris,* 2014 WL 711027, at *1 (E.D. Cal. Feb. 21, 2014); *Dzieciolowski v. DMAX LTD*, 2016 WL 7650569, at *1 (C.D. Cal. March 16, 2016).  A surreply is particularly inappropriate when the "reply does not raise new legal arguments, but, rather responds to legal arguments made in [the] opposition."  *Heil Co. v. Curotto Can Co.*, 2004 WL 2600134, at *1 n.1 (N.D. Cal. Nov. 16, 2004); *see also Anderson v. Schwan Food Co.*, 2013 WL 3989562, at *6 (N.D. Cal. Aug. 2, 2013); *Innovative Sports Mgmt., Inc. v. Robles*, 2014 WL 129308, at *1, n.1 (N.D. Cal. Jan. 14, 2014)).

Here, Defendants' Reply in support of their Motion to Dismiss or Stay merely responded to arguments raised in Plaintiff's Opposition.  Plaintiff bore the burden of attempting to satisfy the first two prongs for personal jurisdiction under *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).  In its Opposition, Plaintiff attempted to satisfy that burden by asserting that Bruno Andrade's alleged contacts with Plaintiff may be attributable to the Foreign Defendants under an agency theory of personal jurisdiction.  As in *Williams v. Yamaha Motor Co.*, 851 F.3d 1015 (9th Cir. 2017), however, Plaintiff failed to allege any facts suggesting the existence of agency, including the essential element of control.  *Williams*, 851 F.3d at 1025 n.5 ("Appellants do allege that 'Defendants . . . were the agents or employees of each other and were acting at all times within the course and scope of such agency and employment . . . and are legally responsible because of their relationship with their co-Defendants.'  This is, however, a conclusory legal statement unsupported by any factual assertion regarding YMC's control over YMUS . . . and we accordingly do not credit it."); *Johnson v. Mitchell*, 2012 WL 691765, *13 (E.D. Cal. Mar. 2, 2012) (accord).

Although *Williams* arose in the context of a corporate parent and subsidiary, its holding applies with equal force to the jurisdictional analysis for individuals.  *Williams*, 851 F.3d at 1024 ("Fundamental tenets of agency theory require that an agent 'act on the principal's behalf and subject to the principal's control.'" (quoting Restatement (Third) Of Agency § 1.01 (2006)).  Indeed, *Williams* based its holding on case law requiring control in agency relationships involving individuals.  *Id.* (citing *Batzel v. Smith*, 333 F.3d 1018, 1035 (9th Cir. 2003).

In its Opposition, Plaintiff failed to present evidence that the Foreign Defendants controlled Mr. Andrade, and instead cited documents that confirmed he was acting as nothing more than CEO of HTBase in his interactions with Juniper.  Mr. Andrade's Reply Declaration responded directly to those vague assertions of control raised in Plaintiff's Opposition, as permitted by Civil Local Rules 7-3(c)-(d) and 7-5.  The Declaration was necessarily general in nature because Plaintiff had failed to produce any evidence of control, so there was nothing specific for Mr. Andrade to address.

Likewise, the Reply Declaration of David Elliott responded directly to Plaintiff's Bernstein Declaration and assertion that there was no material difference in Ontario law, which is inaccurate. Indeed, the *Blue Note Mining Inc. v CanZinco Ltd.*, 2008 CarswellOnt 5154 case, and its holding that an attornment clause like the one in the parties' Share Purchase Agreement was analogous to an exclusive clause once an Ontario action is commenced, directly responded to Plaintiff's assertion that this case should not be stayed because Plaintiff filed its own motion to stay the Ontario Action. (Elliott Decl. ¶ 8, Ex. 4.)

In sum, the assertions contained in Plaintiff's proposed sur-reply are properly reserved for oral argument on Defendants' Motion to Dismiss or Stay.  However, if the Court is inclined to sustain Plaintiff's timeliness objection to the Declarations filed with Defendants' Reply, then Defendants do not oppose the Court's consideration of Juniper's proposed sur-reply provided Defendants have an opportunity to respond to the sur-reply at the hearing on their motion.

Respectfully submitted,

Dated:  June 23, 2020                          DENTONS US LLP


By:  _____*/s/ SONIA MARTIN*_____
                    SONIA MARTIN


ATTORNEYS FOR DEFENDANTS BRUNO ANDRADE, MARS INVESTMENT ACCELERATOR FUND INC. NORTHSPRING CAPITAL PARTNERS INC., JOSMEYR ALVES DE OLIVEIRA, AND RUBEN MARCOS SEIDL

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CA 94105
(415) 267-4000

1

PROOF OF SERVICE

2        I am employed in the City and County of San Francisco, California in the office of a member

3  of the bar of this court whose direction the following service was made.  I am over the age of

4  eighteen years and not a party to the within action.  My business address is Dentons US LLP, 1999

5  Harrison Street, Suite 1300, Oakland, California 94612.

6        I declare under penalty of perjury under the laws of the United States that on June 23, 2020 at

7  Bay Point, California, I caused to be served the following documents, electronically using the

8  CM/ECF system to the email addresses on file with the Court, described as:

9

10  **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A
    SURREPLY TO DEFENDANTS' MOTION TO DISMISS**

11        I declare under penalty of perjury under the laws of the United States of America that the

12  foregoing is true and correct.  Executed on June 23, 2020 at Bay Point, California.

13

14  _____
                  Adrienne Hankins

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CA 94105
(415) 267-4000