UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUNIPER NETWORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BRUNO ANDRADE, et al., <br><br> Defendants. | Case No. 20-cv-02360-BLF <br><br> **ORDER DENYING DEFENDANTS' ADMINISTRATIVE MOTION TO CHANGE TIME AND FOR RELIEF FROM INITIAL CASE MANAGEMENT SCHEDULE; DENYING PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY; AND RESETTING INITIAL CASE MANAGEMENT CONFERENCE FROM JULY 9, 2020 TO JULY 16, 2020** <br><br> [Re: ECF 34, 36] |

This order addresses (1) Defendants' Administrative Motion to Change Time/For Relief from Initial Case Management Schedule (ECF 34); (2) Plaintiffs' Administrative Motion for Leave to File a Sur-Reply (ECF 36); and (3) resetting the Initial Case Management Conference to the date of the hearing on Defendant's pending Motion to Dismiss for the sake of judicial efficiency.

**I.    DEFENDANTS' MOTION TO CHANGE TIME/FOR RELIEF FROM SCHEDULE**

Defendants have filed an administrative motion asking the Court to defer the Initial Case Management Conference and all related obligations, including discovery obligations, until after the Court rules on Defendants' pending Motion to Dismiss Complaint or, Alternatively, to Stay. Defendants contend that their motion to dismiss, which is based on lack of personal jurisdiction among other grounds, likely will be dispositive of the case and that they should not be required to expend resources on case management or discovery. Plaintiffs oppose the administrative motion,

arguing that Defendants have not shown adequate grounds for staying discovery pending decision on their motion to dismiss.

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). A district court may stay discovery upon a showing of good cause. *See* Fed. R. Civ. P. 26(c)(1)(A). "Courts in this district have applied a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion." *Reveal Chat Holdco, LLC v. Facebook, Inc.*, No. 20-CV-00363-BLF, 2020 WL 2843369, at *2 (N.D. Cal. Apr. 10, 2020) (collecting cases). "First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Id.* (quotation marks and citation omitted). "Second, the court must determine whether the pending motion can be decided absent additional discovery." *Id.* (quotation marks and citation omitted). In applying the test, the court must take a "preliminary peek" at the merits of the pending motion to assess whether a stay is warranted. *Tradebay*, 278 F.R.D. at 602.

"A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Cellwitch, Inc. v. Tile, Inc.*, No. 4:19-CV-01315-JSW, 2019 WL 5394848, at *1 (N.D. Cal. Oct. 22, 2019) (quotation marks and citation omitted). "The moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." *Id.* (quotation marks and citation omitted). If the party seeking a stay of discovery fails to establish either prong of the test outlined above, discovery proceeds. *See Reveal Chat*, 2020 WL 2843369, at *2; *Cellwitch*, 2019 WL 5394848, at *1.

Defendants have not met their heavy burden of showing that a discovery stay is warranted in this case. The administrative motion neither refers to the applicable two-pronged test nor attempts to establish that both prongs of the test are met. Defendants have not shown a particular or specific need for a stay of discovery, instead relying on "stereotyped or conclusory statements" that they should not be required to expend resources on discovery while their potentially dispositive motion is pending. Having taken the requisite "preliminary peek" at the merits of the

motion to dismiss, the Court concludes that it is not clear the motion is meritorious or that it would be case dispositive even if granted, given Plaintiffs' request to conduct jurisdictional discovery in the event of dismissal.

Accordingly, Defendants' Administrative Motion to Change Time/For Relief from Initial Case Management Schedule (ECF 34) is DENIED.

## II. PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY

Plaintiffs have filed an administrative motion requesting leave to file a sur-reply to address what Plaintiffs contend are new arguments raised in Defendants' reply in support of their motion to dismiss. Defendants oppose the administrative motion, asserting that their reply arguments merely respond to matters raised in Plaintiffs' opposition to the motion to dismiss.

The Court agrees with Defendants that the reply does not raise new arguments, but rather responds to matters raised in Plaintiffs' opposition. Accordingly, leave to file a sur-reply is not warranted. The Court will, however, consider Plaintiffs' objections to new evidence submitted with Defendants' reply.

Plaintiffs' Administrative Motion for Leave to File a Sur-Reply (ECF 36) is DENIED.

## III. RESCHEDULING OF INITIAL CASE MANAGEMENT CONFERENCE

The Initial Case Management Conference currently is set on July 9, 2020, and the hearing on Defendants' motion to dismiss is set one week later on July 16, 2020. For the convenience of the Court and the parties, and to promote judicial efficiency, the Initial Case Management Conference is RESET from July 9, 2020 at 11:00 a.m. to July 16, 2020 at 11:00 a.m.

**IT IS SO ORDERED.**

This order terminates ECF 34 and 36.

Dated: June 25, 2020

BETH LABSON FREEMAN
United States District Judge